IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PRATER, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:19-cv-19-KAP |
| PENNSYLVANIA DEPARTMENT OF | : |
| CORRECTIONS, *et al.*, | : |
|     Defendants | : |

Memorandum Order

In Burton v. Schamp, 25 F.4th 198 (3d Cir. 2022), the Court of Appeals held that in cases where judgment may be appropriate as to parties that have not consented before judgment to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), the Magistrate Judge should proceed by Report and Recommendation to the District Court, which has Article III authority to dismiss parties and enter final judgment in the matter in favor of parties who have not filed a consent.

This case was a plaintiff-only consent case filed in February 2019. Plaintiff Wayne Prater is an inmate subject to the Prison Litigation Reform Act's three strikes provision, 28 U.S.C.§ 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury[,]

because he has had at least three complaints and appeals dismissed for failure to state a claim. *See* Prater v. City of Philadelphia Family Court, Case No. 2:12-cv-3423-CDJ (E.D.Pa. October 12, 2013), *aff'd*, No. 13-4346 (3d Cir. June 16, 2014)(*per curiam*); Prater v. Wetzel, Case No. 2:14-cv-3395-CDJ (E.D.Pa. May 27, 2015), *aff'd*, No. 15-2433 (3d Cir. Dec. 7, 2015) (*per curiam*). I found that the complaint alleged no imminent danger of serious physical injury and therefore denied plaintiff's motion to proceed *in forma pauperis*. ECF no. 2. When no filing fee or objection was forthcoming within the 14-day period prescribed by 28 U.S.C.§ 636(b)(1) I dismissed the complaint without prejudice for failure to prosecute.

Plaintiff filed a notice of appeal dated March 26, 2019, stating that he had been waiting to attach his grievance history in support of his claim that he had alleged an imminent danger of serious physical injury. The final review of his grievance was dated March 19, 2019.

      Plaintiff's appeal was expressly directed to the Court of Appeals, however, not to the District Court. The Court of Appeals sorted the matter (and related matters that had been consolidated with plaintiff's appeal) out in light of Burton v. Schamp and dismissed the appeal for lack of jurisdiction, holding that I had the power to deny the motion to proceed *in forma pauperis* but that my order was not a final order (and therefore neither was my dismissal without prejudice) and plaintiff first needed to seek review in the district court. Prater v. Department of Corrections, No. 19-1732 (3d Cir. August 2, 2023)

      The mandate has not yet issued. Plaintiff has filed the "Notice of Appeal ..." at ECF no. 20 from my denial at ECF no. 2 of *in forma pauperis* status, as an appeal of a nondispositive order to a district judge. When the mandate is received the Clerk shall re-open this matter and assign it to a district judge with the reference back to me.

DATE: August 22, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Wayne Prater KV-1019
    S.C.I. Albion
    10745 Route 18
    Albion, PA 16475