IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PRATER, : | |
|     Plaintiff : | |
|   v. : | Case No. 3:19-cv-19-KAP |
| PENNSYLVANIA DEPARTMENT OF : | |
| CORRECTIONS, *et al.*, : | |
|     Defendants : | |

<u>Memorandum Order</u>

This matter began in February 2019 when plaintiff Wayne Prater filed a complaint subject to the Prison Litigation Reform Act, a motion to proceed *in forma pauperis*, and a consent to magistrate judge jurisdiction, all dated January 24, 2019. ECF no. 1. I screened the complaint under the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C.§ 1915(g), and denied the motion to proceed *in forma pauperis* because Prater had four complaints or appeals that were dismissed for failure to state a claim. ECF no. 2. I subsequently dismissed the complaint without prejudice because Prater did not pay the filing fee. ECF no. 3.

Prater appealed to the Court of Appeals in April 2019. While Prater's appeal was pending the Court of Appeals decided in <u>Burton v. Schamp</u>, 25 F.4th 198 (3d Cir. 2022) that plaintiff-only consent is insufficient to confer consent jurisdiction on a magistrate judge. With that jurisdictional issue resolved, in August 2023 the Court of Appeals held that I had the power to deny Prater's motion to proceed *in forma pauperis* but not the power to dismiss the complaint in the absent of consent from the defendants. Prater's avenue of appeal from the denial of his *in forma pauperis* motion was to the district court as an appeal from a non-final order. *See* <u>Prater v. Department of Corrections</u>, 76 F.4th 184, 203 (3d Cir. 2023). Prater accordingly sought review of my order in August 2023 in a "Notice of Appeal and Objection … ." ECF no. 20. In July 2024, a district judge granted Prater leave to proceed *in forma pauperis*. ECF no. 28.

Because of the unique history of the case there was some uncertainty about the meaning of the district judge's 27-page order that granted Prater leave to proceed *in forma pauperis* and then "refers this matter back to the Magistrate Judge to reconsider Prater's IFP Motion in light of the Court's analysis above." ECF no. 28 at 27. In the ordinary course of civil litigation involving inmate complaints about the conditions of confinement after <u>Burton v. Schamp</u>, the magistrate judge is responsible for serving the complaint and, depending on whether all parties consent to magistrate judge jurisdiction, screening the matter pursuant to the PLRA either in a Report and Recommendation or in an opinion. The jurisdictional uncertainty having been cleared up in the Order of April 15, 2025 at ECF no. 29, I can proceed to order service.

1

Normally it is the plaintiff's duty to provide copies of the complaint because *in forma pauperis* status does not provide a litigant with free copywork. It is also the plaintiff's duty to provide directions for service on the defendants. A court has no duty to perform legal chores for a *pro se* litigant that counsel would normally carry out for a represented party. Pliler v. Ford, 542 U.S. 225, 231 (2004), *citing* McKaskle v. Wiggins, 465 U.S. 168, 183–184 (1984) and Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 162 (2000).

There are 32 defendants, some of them identified only by first name and job description. It is likely that some of the defendants are no longer employed by the Department of Corrections. Service is likely to be more than ordinarily difficult for plaintiff due to the age of this case, a matter beyond his control. In light of the age of this case and the fact that the Attorney General of Pennsylvania (who probably would appear as counsel for the defendants) has been aware of the complaint for several years due to the proceedings in the Court of Appeals (although the Attorney General of Pennsylvania appeared there only in an *amicus* capacity), I think it is worth exploring whether the delays caused by service can be avoided.

The Clerk shall add the Attorney General to the docket as counsel for the defendants. This is for notice purposes only. The Attorney General is requested to advise within twenty days of this order whether it will represent the defendants and accept service of the complaint on behalf of the defendants. If not, I will remove the Attorney General from the docket pending service and order service by the Marshal.

DATE: April 22, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Wayne Prater KV-1019
S.C.I. Albion
10745 Route 18
Albion, PA 16475