IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WAYNE PRATER, :
       Plaintiff :
   v. : Case No. 3:19-cv-19-KAP
PENNSYLVANIA DEPARTMENT OF :
CORRECTIONS, *et al.*, :
       Defendants :

<u>Memorandum Order</u>

    Counsel has appeared and accepted service on behalf of all defendants except Dr. Naji and Adren Smith. Service on the last two defendants is proceeding.

    For a variety of reasons this case has been pending for a long time and even a casual preliminary review of the complaint under the Prison Litigation Reform Act indicates that a substantial proportion of the claims advanced in the complaint accrued and administrative remedies were completed more than two years before the complaint was filed even if one uses the date of signature, January 24, 2019. *See* <u>Jones v. Unknown D.O.C. Bus Driver & Transportation Crew</u>, 944 F.3d 478, 481 (3d Cir. 2019)(holding that Pennsylvania's statute of limitations is tolled while a prisoner exhausts his administrative remedies.) Prater alleges at Complaint ¶ IV.A that his claims accrued between May 23, 2016 and December 18, 2016, and that exhaustion of remedies took place on February 7, 2017, but that is true of only one claim. Attachment B, his allegations, list the grievance and appeals filed with each alleged cause of action, and the grievance record at subsequent attachments indicates that exhaustion was complete or abandoned as to some claims well before January 24, 2017. *See* Grievance no. 634832 date of superintendent's appeal June 29, 2016; Grievance no. 637796 date of final appeal October 11, 2016; Grievance no. 638865 date of final appeal October 26, 2016; Grievance no. 641426 date of final appeal October 17, 2016; Grievance no. 651028 date of superintendent's appeal November 21, 2016; Grievance no. 651033 date of final appeal January 4, 2017.

    The complaint is subject to screening in accordance with the Prison Litigation Reform Act as codified at 28 U.S.C.§ 1915A:

    (a)    Screening.--**The court shall review**, before docketing, if feasible or, in any event, **as soon as practicable** after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b)    Grounds for dismissal.--On review, **the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint**, if the complaint—
        (1)    is frivolous, malicious, or **fails to state a claim** upon which relief

may be granted; or
      (2)    seeks monetary relief from a defendant who is immune from such relief. (my emphasis)

This parallels the PLRA's requirements for litigants proceeding *in forma pauperis*, at 28 U.S.C.§ 1915(e)(2):

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
    (i)   is frivolous or malicious;
    (ii) **fails to state a claim** on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

A claim that is barred by the applicable statute of limitations is subject to dismissal for failure to state a claim. Jones v. Bock, 549 U.S. 199, 215 (2007). Under Fed.R.Civ.P. 56(f)(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986), a court has the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. *And see* Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 224 (3d Cir.2004)(affirming *sua sponte* grant of summary judgment without notice on the grounds that notice may not be necessary in the presence of a fully developed record, or when the decision is based on a purely legal issue); Couden v. Duffy, 446 F.3d 483, 500 (3d Cir.2006)(affirming *sua sponte* grant of summary judgment to nonmoving parties).

No good reason exists to waste resources on claims that may be barred. If defendants will waive the statute of limitations as a defense, they shall give notice to the court and plaintiff forthwith. The plaintiff shall, on or before June 30, 2025, show cause why judgment for the defendants should not be entered on any claims based on the above grievances. Claims grieved in the following grievances would appear to be timely and plaintiff need not address them: Grievance no. 643991 date of final appeal January 27, 2017; Grievance no. 645083 date of final appeal January 27, 2017; Grievance no. 651594 date of final appeal January 30, 2017; Grievance no. 655919 date of final appeal February 27, 2017; Grievance no. 656751 date of final appeal February 7, 2017.

      A full pretrial schedule including dates for other motions practice and discovery will be issued after the last two defendants have been served.

DATE: June 4, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Wayne Prater KV-1019
S.C.I. Albion
10745 Route 18
Albion, PA 16475