IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PRATER, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:19-cv-19-KAP |
| PENNSYLVANIA DEPARTMENT OF | : |
| CORRECTIONS, *et al.*, | : |
|     Defendants | : |

## Memorandum Order

The motion to amend the complaint and for other relief, ECF no. 45, is denied. This matter is framed by a complaint filed in 2019 that returned to this court after several years on appeal. Plaintiff's attempt to bypass the filing of a new complaint relating to current alleged disputes with new proposed defendants, to tack piecemeal claims onto his operative complaint (no proposed amended complaint is submitted, which alone requires denial of the motion), and to then use those claims as a springboard to seek relief under Fed.R.Civ.P. 65 would impermissibly alter the underlying matter even if the motion were an adequate one. In general, a nexus must exist between the relief sought in the operative complaint and any request for grant injunctive relief. *See e.g.* Guille v. Johnson, No. 21-1515, 2021 WL 4490248, at *2 (3d Cir. Oct. 1, 2021)("Because the source of Guille's alleged injuries differs between complaint and motion for preliminary injunction, we see no error in the District Court's decision to deny injunctive relief."). This does not prevent plaintiff from seeking appropriate relief in a separate action, but a pending complaint does not provide one-stop shopping to the plaintiff.

Despite efforts to determine why service still has not been made on defendant Doctor Naji (service also has not been made on defendant "Adren Smith," but that is apparently because no person by that name exists) I have been unable to do so. I know that Doctor Naji's employer filed for bankruptcy and has been discharged. Whether that affects claims against Doctor Naji is uncertain. The appointment of counsel might advance the disposition of both of those problems in this matter. Accordingly, plaintiff's motion to stay at ECF no. 41 and for appointment of counsel at ECF no. 42 are granted as follows:

Pursuant to 28 U.S.C.§ 1915(e)(1) and the March 24, 1999 Order of the Board of Judges of the United States District Court for the Western District of Pennsylvania at In re: Funding of Plan for the Appointment of Counsel in Select Pro Se Prisoner Civil Rights Action, Misc. No. 99-95 (W.D.Pa.), it is

ORDERED that the Clerk is directed to contact the Allegheny County Bar

Foundation of the Allegheny County Bar Association to request that a lawyer review the pleadings in this matter to decide whether counsel wishes to represent the plaintiff in this matter. The Clerk shall provide prospective counsel with a copy of any pleadings requested by prospective counsel. Prospective counsel should note that acceptance of representation does not constitute leave to expend Court funds without prior approval after motion and hearing.

As is the customary practice, the Clerk shall mark this stayed matter administratively closed (that is not a dismissal) until counsel appears for the plaintiff, or until there are three declinations of representation by counsel. Plaintiff is advised that if three attorneys from the *pro bono* panel decline requests to represent plaintiff, plaintiff will again have to conduct his litigation *pro se*.

DATE:  February 17, 2026

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Wayne Prater KV-1019
S.C.I. Smithfield
1120 Pike Street
Huntingdon, PA 16652